UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY BRIAN MALLGREN,            )<br>                                                           )<br>            Plaintiff,                          )<br>                                                           )<br>      v.                                              )            Civil Action No. 1:25-cv-02956 (UNA)<br>                                                           )<br>                                                           )<br>UNITED STATES OF AMERICA, et al., )<br>                                                           )<br>            Defendants.                       ) | |

**MEMORANDUM OPINION**

Plaintiff, proceeding *pro se*, has filed a Complaint ("Compl."), ECF No. 1, and an Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court grants Plaintiff's IFP Application, and for the reasons discussed below, it dismisses this matter without prejudice.

Plaintiff, a resident of the District of Columbia, sues the United States and "All Criminals." *See* Compl. at 1. The Complaint is vague and sparse. Plaintiff alleges only that "[i]t is believed that all respondent constitutionalized persons in this case are acting anticompetitively and destructively." *Id.* For relief, Plaintiff demands "[t]ime in making a decision whom is the greater party." *Id*.

*Pro se* litigants must comply with the Federal and Local Rules of Civil Procedure. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239–40 (D.D.C. 1987). Federal Rule 8(a) requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that respondents receive fair notice of the claim

being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). Here, Plaintiff's ambiguous allegations fall well short of providing notice of any claim or establishing this Court's subject matter jurisdiction.

Accordingly, the Court dismisses the Complaint, and this matter, without prejudice. An Order consistent with this Memorandum Opinion is issued separately.

Date: December 8, 2025

TREVOR N. McFADDEN
United States District Judge